UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KINER,<br><br>        Plaintiff,<br><br>        v.<br><br>D. YANG,<br><br>        Defendant. | No. 2:19-cv-2178-WBS-EFB P<br><br>ORDER |

Plaintiff is a pre-trial detainee proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983 who seeks leave to proceed in forma pauperis. ECF No. 2.

## Application to Proceed in Forma Pauperis

Plaintiff's application and trust fund statement (ECF No. 4) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff raises two separate claims against defendant Yang. One is cognizable and the other is not. First, plaintiff alleges that, on an unidentified date in 2019, he was elected by the inmate population to the Institutional Men's Advisory Committee at the California Health Care Facility. ECF No. 1 at 3. Plaintiff alleges that, after assuming this position, defendant Yang "enacted a campaign of continued retaliation against him." *Id.* He claims that, at some point thereafter, he reported Yang to prison command staff for denying inmates bottled water during a deadly outbreak of Legionnaire's Disease. *Id.* After plaintiff made these reports, Yang allegedly began to call plaintiff a "snitch" in the presence of other inmates. *Id.* Yang also began telling other inmates that plaintiff was to blame for any and all misfortunes which befell the unit. *Id.*

/////

The foregoing allegations, taken as true, are sufficient to state a First Amendment retaliation claim against Yang.

Plaintiff also claims that Yang violated his Eighth Amendment rights by "placing [him] in harm's way." *Id.* at 4. He again references Yang's propensity to call him a "snitch" and to tell other inmates that plaintiff was to blame for, inter alia, delays in mail delivery and access to the prison canteen. *Id.* Plaintiff does not, however, allege that any actual attack or physical injury befell him as a consequence of Yang's actions. Nor does plaintiff allege any specific instances of being threatened by other inmates due to Yang's incitements against him. Rather, the injury he alleges appears to be that he was exposed to an elevated risk of attack. Such speculative and generalized fears of harm are insufficient to sustain an Eighth Amendment claim. *See Williams v. Wood*, 223 F. App'x 670, 671, 2007 WL 654223, *1 (9th Cir. 2007) (unpublished).

### III. Leave to Amend

Accordingly, plaintiff may proceed only with the retaliation claim identified by the court as cognizable. Or he may file an amended complaint which attempts to remedy the deficiencies in his other claim.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

3

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's complaint alleges, for screening purposes, a viable First Amendment claim for retaliation against defendant Yang;

4. All other claims in the complaint are dismissed with leave to amend within thirty days of this order's filing. Plaintiff is not obligated to amend his complaint;

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time; and

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: December 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KINER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. YANG,<br><br>　　　　　Defendant. | No. 2:19-cv-2178-WBS-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment retaliation claim against defendant Yang;

OR

(2) _____ delay serving any defendant and files an amended complaint.