UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KINER,<br><br>        Plaintiff,<br><br>    v.<br><br>D. YANG,<br><br>        Defendant. | Case No.   2:19-cv-02178-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 26 |

Aaron Kiner ("plaintiff"), a state prisoner without counsel, filed this section 1983 action alleging that D. Yang ("defendant") violated his First Amendment rights by retaliating against him after he reported defendant to prison management for improperly confiscating bottled water. He also alleges that defendant violated his Eighth Amendment rights by urging other inmates to attack him.  Defendant has moved for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies before filing this suit.  ECF No. 26.[1]  Because plaintiff skipped the prison's third level of review and has no valid excuse for doing so, I recommend that defendant's motion be granted.

Legal Standards

I.    Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

---

[1] Plaintiff has filed an opposition, ECF No. 27, and defendant has filed a reply, ECF No. 28.

1

*Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of a claim.  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d

1   376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than

2   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

3   U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

4   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

5   require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W.*

6   *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

7       The court must apply standards consistent with Rule 56 to determine whether the moving

8   party has demonstrated there to be no genuine issue of material fact and that judgment is

9   appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

10  "[A] court ruling on a motion for summary judgment may not engage in credibility

11  determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

12  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

13  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

14  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

15  198 F.3d 1130, 1134 (9th Cir. 2000).

16      II.    <u>Exhaustion Requirements</u>

17      Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

18  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

19  confined in any jail, prison, or other correctional facility until such administrative remedies as are

20  available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion requirement "applies

21  to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the

22  relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731,

23  741 (2001).  Unexhausted claims require dismissal.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

24      A prison's own grievance process, not the PLRA, determines how detailed a grievance

25  must be to satisfy the PLRA exhaustion requirement.  *Id.* at 218.  When a prison's grievance

26  procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison

27  to the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120

28  (9th Cir. 2009) (internal quotation marks omitted).  "The grievance 'need not include legal

terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### Background

Plaintiff alleges that, in 2019, he was elected by his fellow inmates to the Institutional Men's Advisory Committee at the California Healthcare Facility. ECF No. 1 at 3. Later that year, he reported defendant to prison command staff for confiscating bottled water that inmates had been issued during an outbreak of Legionnaire's disease. *Id.* Defendant allegedly began retaliating against plaintiff by calling him a "snitch" in front of other inmates. *Id.* Defendant also began abusing other inmates housed with plaintiff and telling them that they had plaintiff to

4

"thank" for their mistreatment. *Id.* Plaintiff alleges that defendant's actions violated his First Amendment right to be free from retaliation. He also claims that defendant's incitement of other inmates to violence violated his Eighth Amendment rights. The retaliation and harassment allegedly continued until defendant effected a retaliatory transfer and moved plaintiff to a different unit.

The parties agree that only one grievance addressing the foregoing allegations was filed. That grievance—number CHCF-E-19-03780—was submitted on September 9, 2019. ECF No. 26-4 at 8. It was sent directly to the second level of administrative review, where officials concluded that defendant had violated an unspecified California Department of Corrections and Rehabilitation policy. *Id.* at 14-15. The grievance was partially granted on that basis. *Id.* at 14. Plaintiff did not pursue the grievance to the third and final level of administrative review.

<u>Analysis</u>

Plaintiff acknowledges that he did not escalate his grievance to the third level of administrative review. ECF No. 27 at 2-3. He argues that he was not required to submit his grievance to the third level because he was satisfied with the partial grant he received at the second level. *Id.* Defendant argues that, regardless of the response plaintiff received at the second level, he was required to pursue his grievance through the final level of review in order to fully exhaust. ECF No. 26-2 at 5-6. Defendant is correct.

The Supreme Court has held that "one 'exhausts' processes, not forms of relief . . . ." *Booth*, 532 U.S. at 739. Exhaustion is required even where the requested form of relief—often money damages—is unavailable through administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This straightforward principle is somewhat muddied by the Ninth Circuit's 2010 holding in *Harvey v. Jordan*, that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." 605 F.3d 681, 685 (9th Cir. 2010). In *Harvey*, the inmate filed a grievance requesting a disciplinary hearing and video footage of a cell extraction that he claimed would prove him innocent of certain disciplinary charges. *Id.* at 684-85. Prison officials granted his request at the second level and informed him that he would be given both the footage and a hearing. *Id.* at 85. Having been

5

1  told that he would receive his requested relief, the inmate did not escalate his appeal to the third
2  level. *Id.* Five months passed without prison officials making good on their promises. *Id.* The
3  inmate then escalated his grievance to the third level and was informed that it would be cancelled
4  because he had not acted within fifteen days of the second-level decision. *Id.* In federal court,
5  defendants argued that the inmate should have timely appealed the favorable decision he received
6  at the second level. *Id.* The Ninth Circuit rejected that argument and found that the "complaint
7  had been resolved, or so [the inmate] was led to believe, and he was not required to appeal the
8  favorable decision." *Id.* In an unpublished 2016 decision, the Ninth Circuit clarified that the
9  holding in *Harvey* should be narrowly applied only to those situations where prison officials
10 induced an inmate "into abandoning his appeal by the unfulfilled promise of relief." *Benitez v.*
11 *Cnty. of Maricopa*, 667 F. App'x 211, 212 (9th Cir. 2016).

12    Here, plaintiff's grievance requested that defendant's actions be "thoroughly investigated"
13 and that "appropriate measures be taken to correct [defendant's] conduct." ECF No. 26-4 at 10.
14 He also asked to move back to his original unit. *Id.* The only relief that he received at the second
15 level was an acknowledgement, by way of a "check-box" form, that defendant had violated some
16 unspecified CDCR policy "with respect to one or more of the issues appealed." *Id.* at 15. Prison
17 officials did not state that corrective measures would be taken, and they did not grant plaintiff's
18 request to move back to his original unit. Finally, the second level response informed plaintiff
19 that, if he wished "to appeal the decision and/or exhaust administrative remedies," he would need
20 to submit his "staff complaint appeal through all levels of review up to, and including, the
21 Secretary's/Third Level of Review." *Id.* This case does not resemble *Harvey*, because plaintiff
22 was not induced to abandon his appeal by any unfulfilled promise of relief. In fact, prison
23 officials did not promise any relief at all. And plaintiff cannot establish exhaustion through the
24 "mere contention of satisfaction." *Cunningham v. Ramos*, No. C11-0368 RS (PR), 2011 U.S.
25 Dist. LEXIS 85997, *10 (N.D. Cal. 2011). If relief remained available, as it was here, plaintiff
26 was obligated to continue with the exhaustion process to its conclusion.

27    Accordingly, I recommend that defendant's motion for summary judgment (ECF No. 26)
28

be granted and that plaintiff's claims be dismissed without prejudice as unexhausted.

    I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     January 28, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE